REVISED 12/15

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re

**MARCIA HALLERMANN**

Case No. 18-60534

Debtor(s).

# SIGNATURE DECLARATION

☐ PETITION, SCHEDULES & STATEMENTS
☐ CHAPTER 13 PLAN
☐ VOLUNTARY CONVERSION, SCHEDULES AND STATEMENTS
☐ AMENDMENT TO PETITION, SCHEDULES & STATEMENTS
☒ MODIFIED CHAPTER 13 PLAN
☐ OTHER (PLEASE DESCRIBE:_____)

I [We], the undersigned debtor(s) or authorized representative of the debtor, make the following declarations under penalty of perjury:

1. The information I have given my attorney for the electronically filed petition, statements, schedules, amendments, and/or chapter 13 plan, as indicated above, is true and correct;

2. The Social Security Number or Tax Identification Number I have given to my attorney for entry into the court's Case Management/Electronic Case Filing (CM/ECF) system as a part of the electronic commencement of the above-referenced case is true and correct;

3. **[individual debtors only]** If no Social Security Number was provided as described in paragraph 2 above, it is because I do not have a Social Security Number;

4. I consent to my attorney electronically filing with the United States Bankruptcy Court my petition, statements and schedules, amendments, and/or chapter 13 plan, as indicated above, together with a scanned image of this Signature Declaration;

5. My electronic signature contained on the documents filed with the Bankruptcy Court has the same effect as if it were my original signature on those documents; and

6. **[corporate and partnership debtors only]** I have been authorized to file this petition on behalf of the debtor.

Date: 4-29-19

X _Marcia Hallermann_  X _____
Signature of Debtor1 or Authorized                Signature of Debtor 2
Representative

**MARCIA HALLERMANN**
Printed Name of Debtor 1 or                       Printed Name of Debtor 2
Authorized Representative

In re:
**Marcia Hallermann,**

Debtor.

*In a joint case, debtor means debtors in this plan.*

Case No. **18-60534**

CHAPTER 13 PLAN    X Modified
Dated **April 29, 2019**

**Part 1. NOTICE OF NONSTANDARD PLAN PROVISIONS, SECURED CLAIM LIMITATIONS, AND LIEN OR SECURITY INTEREST AVOIDANCE: Debtor must check the appropriate boxes below to state whether or not the plan includes each of the following items:**

| | | | |
|---|---|---|---|
| 1.1 | A limit on the amount of a secured claim based on a valuation of the collateral for the claim, set out in Parts 9 or 17 | ■ Included | ☐ Not included |
| 1.2 | Avoidance of a security interest or lien, set out in Part 17 | ☐ Included | ■ Not included |
| 1.3 | Nonstandard provisions, set out in Part 17 | ■ Included | ☐ Not included |

**Part 2. DEBTOR'S PAYMENTS TO TRUSTEE**
2.1 As of the date of this plan, the debtor has paid the trustee $**4,600.00**.
2.2 After the date of this plan, the debtor will pay the trustee $**700.00** per month for **53** months beginning in **April** of **2019** for a total of $**37,100.00**. The initial plan payment is due not later than 30 days after the order for relief.
2.3 The minimum plan length is ☐ 36 months or ■ 60 months from the date of the initial plan payment unless all allowed claims are paid in a shorter time.
2.4 The debtor will also pay the trustee: **In month 60, $47,787.69 for the balloon payment for the Brooten bar.**
2.5 The debtor will pay the trustee a total of $**89,487.69** [lines 2.1 + 2.2 + 2.4].

**Part 3. PAYMENTS BY TRUSTEE:** The Trustee will pay from available funds only creditors for which proofs of claim have been filed. The trustee may collect a fee of up to 10% of plan payments, or $**8,948.77** [line 2.5 x .10].

**Part 4. ADEQUATE PROTECTION PAYMENTS (§ 1326(a)(1)(C)):** The trustee will promptly pay from available funds adequate protection payments to creditors holding allowed claims secured by personal property, according to the following schedule, beginning in month one (1).

| | Creditor | Monthly payment | Number of payments | Total payments |
|---|---|---|---|---|
| 4.1 | | | | |
| 4.2 | | | | |
| | TOTAL | | | |

**Part 5. EXECUTORY CONTRACTS AND UNEXPIRED LEASES (§ 365):** The debtor assumes the following executory contracts or unexpired leases. Debtor will pay directly to creditors all payments that come due after the date the petition was filed. Cure provisions, if any, are set forth in Part 8.

| | Creditor | Description of property |
|---|---|---|
| 5.1 | | |
| 5.2 | | |

**Part 6. CLAIMS NOT IN DEFAULT:** Payments on the following claims are current and the debtor will pay directly to creditors all payments that come due after the date the petition was filed. The creditors will retain liens, if any.

| | Creditor | Description of property |
|---|---|---|
| 6.1 | **Central Minnesota Credit Union** | **Homestead & 3 lots with 2 rentals** |
| 6.2 | **Central Minnesota Credit Union** | **2001 Chevrolet Tahoe** |

**Part 7. HOME MORTGAGES IN DEFAULT (§§ 1322(b)(5) AND 1322(e)):** The trustee will cure payment defaults on the following claims secured only by a security interest in real property that is the debtor's principal residence. The debtor will pay directly to creditors all payments that come due after the date the petition was filed. The creditors will retain liens. **All following entries are estimates.** The trustee will pay the actual amounts of default.

|     | Creditor | Amount of default | Monthly payment | Beginning in month # | Number of payments | Total payments |
|-----|----------|-------------------|-----------------|----------------------|--------------------|----------------|
| 7.1 |          |                   |                 |                      |                    |                |
| 7.2 |          |                   |                 |                      |                    |                |
|     | TOTAL    |                   |                 |                      |                    |                |

**Part 8. CLAIMS IN DEFAULT** (**§§ 1322(b)(3) AND (5) AND 1322(e)**): The trustee will cure payment defaults on the following claims as set forth below. The debtor will pay directly to creditors all payments that come due after the date the petition was filed. The creditors will retain liens, if any. **All following entries are estimates, except for interest rate.**

|     | Creditor | Amount of default | Interest rate (if any) | Monthly payment | Beginning in month # | Number of payments | Total payments |
|-----|----------|-------------------|------------------------|-----------------|----------------------|--------------------|----------------|
| 8.1 | **Bonanza Valley State Bank: secured in homestead** | 960.00 | n/a | 960.00 | 1 | 1 | 960.00 |
| 8.2 |          |                   |                        |                 |                      |                    |                |
|     | TOTAL    |                   |                        |                 |                      |                    |                |

**Part 9. SECURED CLAIMS SUBJECT TO MODIFICATION ("CRAMDOWN") PURSUANT TO § 506 (§ 1325(a)(5)) (secured claim amounts in this Part control over any contrary amounts except for secured claims of governmental units):** The trustee will pay, on account of the following allowed secured claims, the amount set forth in the "Total Payments" column below. Unless otherwise specified in Part 17, the creditors will retain liens securing the allowed secured claims until the earlier of the payment of the underlying debt determined under nonbankruptcy law, or the date of the debtor's discharge, and if this case is dismissed or converted without completion of the plan, such liens shall also be retained by such holders to the extent recognized by applicable nonbankruptcy law. **Notwithstanding a creditor's proof of claim filed before or after confirmation, the amount listed in this Part as a creditor's secured claim binds the creditor pursuant to 11 U.S.C. § 1327 and confirmation of the plan is a determination of the creditor's allowed secured claim.** For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with FRBP 3012(c) controls over any contrary amount.

|     | Creditor | Claim amount | Secured claim | Interest rate | Beginning in month # | (Monthly payment) | x Number of payments) | = Plan payments | + Adq. Pro. from Part 4 | = Total payments |
|-----|----------|--------------|---------------|---------------|----------------------|-------------------|-----------------------|-----------------|-------------------------|------------------|
| 9.1 | **Bonanza Valley State Bank: secured by 141 Central Ave. Brooten, MN** | 59,400 | 55,000 | 5.5% | 8 | 449.40 | 52 | 23,368.80 |  | 23,368.80 |
| 9.2 | **Note will balloon with all business assets therein: see 17.3** |  |  |  | 60 | 43,443.35 | 1 |  |  | 43,443.35 |
|     | TOTAL    |              |               |               |                      |                   |                       |                 |                         | 66,812.15        |

**Part 10. SECURED CLAIMS EXCLUDED FROM § 506 AND NOT SUBJECT TO MODIFICATION ("CRAMDOWN") (§ 1325(a)) (910 vehicles and other things of value)(allowed secured claim controls over any contrary amount):**
The trustee will pay in full the amount of the following allowed secured claims. **All following entries are estimates, except for interest rate.** The creditors will retain liens. Unmodified 910 claims not in default are addressed in Part 6. Unmodified 910 claims in default are addressed in Part 8.

|  | Creditor | Claim amount | Interest rate | Beginning in month # | (Monthly payment | x Number of payments) | = Plan payments | + Adq. Pro. from Part 4 | = Total payments |
|---|---|---|---|---|---|---|---|---|---|
| 10.1 | **Stearns Cty Treasurer 121 Central Ave Brooten, MN** | **6,722.49** | **10%** | **1** | **1,008.00** | **1** | **1,008.00** |  | **1,008.00** |
| 10.2 |  |  |  | 8 | 135.87 | 52 | 7,065.24 |  | 7,065.24 |
|  | TOTAL |  |  |  |  |  |  |  | 8,073.24 |

**Part 11. PRIORITY CLAIMS (not including claims under Part 12):** The trustee will pay in full all claims entitled to priority under § 507(a)(2) through (a)(10), including the following. **The amounts listed are estimates.** The trustee will pay the amounts actually allowed.

|  | Creditor | Estimated claim | Monthly payment | Beginning in month # | Number of payments | Total payments |
|---|---|---|---|---|---|---|
| 11.1 | **Velde Moore, Ltd.** | **3,000.00** | **3,000.00** | **1** | **1** | **3,000.00** |
| 11.2 |  |  |  |  |  |  |
| 11.3 |  |  |  |  |  |  |
|  | TOTAL |  |  |  |  | **3,000.00** |

**Part 12. DOMESTIC SUPPORT OBLIGATION CLAIMS:** The trustee will pay in full all domestic support obligation claims entitled to priority under § 507(a)(1), including the following. **The amounts listed are estimates.** The trustee will pay the amounts actually allowed.

|  | Creditor | Estimated claim | Monthly payment | Beginning in month # | Number of payments | Total payments |
|---|---|---|---|---|---|---|
| 12.1 |  |  |  |  |  |  |
| 12.2 |  |  |  |  |  |  |
|  | TOTAL |  |  |  |  |  |

**Part 13. SEPARATE CLASSES OF UNSECURED CLAIMS:** In addition to the class of unsecured claims specified in Part 14, there shall be separate classes of non-priority unsecured claims described as follows:_____. The trustee will pay the allowed claims of the following creditors. **All entries below are estimates.**

|  | Creditor | Estimated Claim | Interest rate (if any) | Monthly payment | Beginning in month # | Number of payments | Total payments |
|---|---|---|---|---|---|---|---|
| 13.1 |  |  |  |  |  |  |  |
| 13.2 |  |  |  |  |  |  |  |
|  | TOTAL |  |  |  |  |  |  |

**Part 14. TIMELY FILED UNSECURED CLAIMS:** The trustee will pay holders of non-priority unsecured claims for which proofs of claim were timely filed the balance of all payments received by the trustee and not paid under Parts 3,

7, 8, 9, 10, 11, 12 and 13] their pro rata share of approximately $1,693.63 [line 2.5 minus totals in Parts 3, 7, 8, 9, 10, 11, 12 and 13].

14.1 The debtor estimates that the total unsecured claims held by creditors listed in Part 9 are **$4,400.00**.
14.2 The debtor estimates that the debtor's total unsecured claims (excluding those in Parts 9 and 13) are $**21,660.82**.
14.3 Total estimated unsecured claims are $ [lines 14.1 + 14.2] **$26,060.82**.

**Part 15. TARDILY-FILED UNSECURED CLAIMS:** All money paid by the debtor to the trustee under Part 2, but not distributed by the trustee under Parts 3, 4, 7, 8, 9, 10, 11, 12, 13 and 14, will be paid to holders of allowed nonpriority unsecured claims for which proofs of claim were tardily filed.

**Part 16. SURRENDER OF COLLATERAL AND REQUEST FOR TERMINATION OF STAY:** The debtor has surrendered or will surrender the following property to the creditor. The debtor requests that the stays under §§ 362(a) and 1301(a) be terminated as to the surrendered collateral upon confirmation of the plan.

|      | Creditor | Description of property |
|------|----------|------------------------|
| 16.1 | **Bonanza Valley State Bank & Stearns County Treasurer** | **411 Railroad Avenue, Albany, MN, shall be surrendered May 1, 2019 – with all business assets therein.** |
| 16.2 | **Bonanza Valley State Bank** | **2010 Volvo Tractor, shall be surrendered upon confirmation** |

**Part 17. NONSTANDARD PROVISIONS:** The Trustee may distribute additional sums not expressly provided for herein at the trustee's discretion. Any nonstandard provisions, as defined in FRBP 3015(c), must be in this Part. Any nonstandard provision placed elsewhere in the plan is void. Any request by the debtor to modify a claim secured only by a security interest in real property that is the debtor's principal residence must be listed in this Part and the debtor must bring a motion to determine the value of the secured claim pursuant to Local Rule 3012-1(a).

| | |
|---|---|
| 17.1 | The debtor(s) will submit copies of their state and federal income tax returns to the Trustee annually while this case is pending and shall be entitled to retain the first $2,000.00 if a joint filing, or $1,200.00 if single, plus any earned income credit and Minnesota Working Family Credit. Any remaining amounts shall be turned over to the Chapter 13 Trustee as additional plan payments. Pursuant to 11 U.S.C. Section 1305, a proof of claim may be filed by any entity that holds a claim against the debtor(s) for taxes that become payable to a governmental until while the case is pending. The Trustee shall only pay 11 U.S.C. 1305 claims attributable to the taxable year in which the case concerning such debtor(s) was filed. The Trustee shall pay such claim as submitted as funds are available pursuant to 11 U.S.C. Section 1305. Claims filed as secured, but for which the plan make no express provision, shall be paid as general, unsecured claims. |
| 17.2 | Debtor believes the best interest calculation is $**0.00** |
| 17.3 | Balloon payment on Brooten Bar shall be paid through the plan in month 60. The balloon payment is estimated to be $43,443.35 with trustee fees of $4,344.34. |
| 17.4 | Upon confirmation, the automatic stay shall lift with regards to the debtor's 2010 Volvo Tractor and the property located at 411 Railroad Avenue in Albany, Minnesota. The debtor will be authorized to turnover said Volvo and execute a deed in lieu of foreclosure for the Albany property effective May 1, 2019. |

**SUMMARY OF PAYMENTS**:

| Class of payment | Amount to be paid |
|------------------|-------------------|
| Payments by trustee [Part 3] | 8,948.77 |
| Home mortgages in default [Part 7] | |
| Claims in default [Part 8] | 960.00 |
| Secured claims subject to modification (cramdown) pursuant to § 506 [Part 9] | 66,812.15 |
| Secured claims excluded from § 506 [Part 10] | 8,073.24 |
| Priority claims [Part 11] | 3,000.00 |
| Domestic support obligation claims [Part 12] | |
| Separate classes of unsecured claims [Part 13] | |

| | |
|---|---|
| Case 18-60534    Doc 28    Filed 04/29/19    Entered 04/29/19 15:01:12    Desc Main Document    Page 6 of 10 | |
| Timely filed unsecured claims [Part 14] | 1,693.53 |
| TOTAL (must equal line 2.5) | 89,487.69 |

<u>Certification regarding nonstandard provisions:</u>
I certify that this plan contains no nonstandard provision except as placed in Part 17.

Signed: /e/ Logan Moore, 312083
        Attorney for debtor

Signed: /e/ Marcia Hallermann
        Debtor 1

Signed:

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In RE:

Marcia Hallermann                                    Bky Case No. 18-60534
                                                     Chapter 13 Case

       Debtor.

UNSWORN CERTIFICATE OF SERVICE

The undersigned, of the City of Alexandria, County of Douglas, in the State of Minnesota, states that on Monday, April 29, 2019, she filed a Modified Chapter 13 Plan with Notice of Hearing with the US Bankruptcy Court. All parties receiving electronic service were served by the Court upon the filing of the document. The following parties were served by mail by enclosing a true and correct copy thereof, in an envelope, with first class postage prepaid, and depositing the same in the post office at Alexandria, Minnesota, addressed as follows:  SEE ATTACHED

/e/ Kathy Stueve

```
Label Matrix for local noticing        Fergus Falls - St Paul                    ALEX RECREATION
0864-6                                  200 Warren E Burger Federal Building and PO BOX 883
Case 18-60534                           U. S. Courthouse                         Alexandria MN 56308-0883
District of Minnesota                   316 N Robert St
Fergus Falls                            St Paul, MN 55101-1495
Mon Apr 29 10:28:35 CDT 2019

BEST BUY CREDIT SERVICES                BONANZA VALLEY STATE BANK                CARDMEMBER SERVICE
PO BOX 790441                           147 CENTRAL AVE S                        PO BOX 5894
SAINT LOUIS MO 63179-0441               Brooten MN 56316-4748                    CAROL STREAM IL 60197-5894


CARDMEMBER SERVICE                      CENEX FLEETCARD                          CENTRAL MN CREDIT UNION
PO BOX 94014                            PO BOX 64745                             PO BOX 339
PALATINE IL 60094-4014                  ST PAUL MN 55164-0745                    Albany MN 56307-0339


CHASE CORPORATION                       Capital One Bank (USA), N.A.             Central Minnesota Credit Union
PO BOX 24696                            PO Box 71083                             320 Main Street E
Columbus OH 43224-0696                  Charlotte, NC  28272-1083                Melrose MN 56352-1164


DISCOVER                                Directv, LLC                             Discover Bank
PO BOX 6103                             by American InfoSource as agent          Discover Products Inc
CAROL STREAM IL 60197-6103              PO Box 5008                              PO Box 3025
                                        Carol Stream, IL  60197-5008             New Albany, OH  43054-3025


INTERNAL REVENUE SERVICE                LAW OFFICE OF ARI R MADOFF PC            LEASE FINANCE GROUP LLC
CENTRALIZED INSOLVENCY OP UNIT          201 WEST LAKE STREET, STE 227            6500 W 65TH ST UNIT 204
PO BOX 7346                             Chicago IL 60606-0239                    Chicago IL 60638-4962
PHILADELPHIA PA 19101-7346


MESSERLI & KRAMER PA                    MIDLAND FUNDING LLC                      NATIONWIDE CREDIT INC
3033 CAMPUS DRIVE, STE 250              PO BOX 939069                            PO BOX 14581
PLYMOUTH MN 55441-2662                  SAN DIEGO CA 92193-9069                  Des Moines IA 50306-3581


PRECISION ELECTRIC INC                  PROFESSIONAL RECOVERY PER. INC           STEARNS COUNTY TREASURER
18521 CTY RD 130                        6282 DOUGLAS COURT NORTH                 PO BOX 728
Paynesville MN 56362-9313               Champlin MN 55316-3572                   Saint Cloud MN 56302-0728


SUMMIT COMPANIES                        Stearns County Auditor/Treasurer         TDS MEDIA DIRECT INC
575 MINNEHAHA AVE WEST                  705 Courthouse Sq.                       PO BOX 9
Saint Paul MN 55103-1573                St. Cloud MN 56303-4781                  Circle Pines MN 55014-0009


US Trustee                              Kyle Carlson                             Logan M. Moore
1015 US Courthouse                      PO Box 519                               Velde Moore Ltd.
300 S 4th St                            Barnesville, MN 56514-0519               1118 Broadway
Minneapolis, MN 55415-3070                                                       Alexandria, MN 56308-2530
```

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)BONANZA VALLEY STATE BANK          End of Label Matrix
                                      Mailable recipients   30
                                      Bypassed recipients    1
                                      Total                 31

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In Re:

Marcia Hallermann,

Bky Case No. 18-60534
Chapter 13 Case

Debtor(s).

**NOTICE OF HEARING ON CONFIRMATION OF PLAN AND
FILING OF MODIFIED CHAPTER 13 PLAN**

PLEASE TAKE NOTICE that pursuant Local Rule 3015-2(a) and at the request of the Debtor(s) the Filing of Plan, Hearing on Confirmation of Plan for the above-named Debtor(s) is scheduled for Tuesday, May 28, 2019, at 10:00 a.m. in Courtroom 2, U.S. Bankruptcy Court, 118 South Mill Street, Fergus Falls, MN 56537.

Dated this 29th day of April, 2019.

Velde Moore, Ltd.

/e/Logan Moore
Logan Moore
Attorney for Debtor
1118 Broadway
Alexandria, MN 56308
(320) 763-6561
Atty. Reg. No. 312083